| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA | PRIORITY SEND<br>JS-6 |

CIVIL MINUTES -- GENERAL

Case No.   **EDCV 11-1864-JFW (SPx)**                                      Date:  January 3, 2012

Title:     John Davis, et al. *-v-* EMC Mortgage Corp., et al.

**PRESENT:**

      HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE

| Shannon Reilly | None Present |
|---|---|
| Courtroom Deputy | Court Reporter |

**ATTORNEYS PRESENT FOR PLAINTIFFS:**          **ATTORNEYS PRESENT FOR DEFENDANTS:**
             None                                                                                            None

**PROCEEDINGS (IN CHAMBERS):**          ORDER REMANDING ACTION TO SAN BERNARDINO COUNTY SUPERIOR COURT

      On October 19, 2011, Plaintiffs John Davis and Heather Davis ("Plaintiffs") filed a Complaint against Defendants EMC Mortage Corp., Saxon Mortgage Services, Inc., Equifirst Corp., and Old Republic Default Management Services, as Trustee in San Bernardino County Superior Court.  On November 23, 2011, Defendant Saxon Mortgage Services, Inc. ("Saxon") filed a Notice of Removal Pursuant to 28 U.S.C. §§ 1332 and 1441 ("Notice of Removal").

      Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress.  *See Bender v. Williamsport Area School District*, 475 U.S. 534, 541 (1986).  "Because of the Congressional purpose to restrict the jurisdiction of the federal courts on removal, the statute is strictly construed, and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (citations and quotations omitted).  There is a strong presumption that the Court is without jurisdiction unless the contrary affirmatively appears.  *See Fifty Associates v. Prudential Insurance Company of America*, 446 F.2d 1187, 1190 (9th Cir. 1990).  As the party invoking federal jurisdiction, Saxon bears the burden of demonstrating that removal is proper.  *See, e.g., Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988).

      Diversity jurisdiction founded under 28 U.S.C. § 1332(a) requires that (1) all plaintiffs be of different citizenship than all defendants, and (2) the amount in controversy exceed $75,000.  For the purposes of diversity jurisdiction, a corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business.  28 U.S.C. § 1332(c).

Saxon alleges that Plaintiffs are "residents" of San Bernardino County, and "[u]pon information and belief, Plaintiffs reside at the subject property located at 24030 Cahuilla Road, Apple Valley, California, 92307, County of San Bernardino. However, "the diversity jurisdiction statute, 28 U.S.C. § 1332, speaks of citizenship, not of residency." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). To be a citizen of a state, a natural person must be a citizen of the United States and be domiciled in a particular state. *Id.* Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. *Id.* "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." *Id.*

Moreover, even assuming that Plaintiffs are citizens of California as Saxon alleges, Plaintiffs have expressly alleged that Defendant Old Republic Default Management Services has its principal place of business in California and thus is a citizen of California. Complaint at ¶ 5. Accordingly, based on the allegations of Plaintiff's complaint, the parties are not completely diverse.

Saxon has failed to meet its burden in demonstrating that Plaintiffs' allegations are erroneous. Indeed, in its Notice of Removal, Saxon alleges that "[Defendant Old Republic Default Management Services] is, and was at the time of filing of this action, incorporated under the laws of the state of Minnesota," but fails to allege Defendant Old Republic Default Management Services' principal place of business. Notice of Removal at ¶ 3. Saxon also alleges that "upon information and belief, [Defendant Old Republic Default Management Services] is a subsidiary of parent company Old Republic National Title Insurance Company, which is organized under the laws of the State of Minnesota with a principal place of business in Minneapolis, Minnesota." Notice of Removal at ¶ 2. However, "where there is no evidence that the integrity of the corporate form has been violated, the separate corporate identities of the parent and subsidiary should be honored when determining either one's principal place of business." *Taber Partners, I. v. Merit Builders, Inc.*, 987 F.2d 57, 61 (1st Cir. 1993); *see also U.S.I. Properties Corp. v. M.D. Const. Co., Inc.*, 860 F.2d 1, 7 (1st Cir. 1988) ("[S]ubsidiary and parent corporations are generally considered to be separate entities for diversity jurisdiction purposes.").

Moreover, as the Supreme Court long ago held, a removing defendant "must show in [its] pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction." *Smith v. McCullough*, 270 U.S. 456, 459 (1926) *accord Rilling v. Burlington Northern Railroad Co.*, 909 F.2d 399, 400 (9th Cir. 1990). A petition alleging diversity of citizenship upon "information and belief" is insufficient to confer jurisdiction. *Bradford v. Mitchell Bros. Truck Lines*, 217 F.Supp. 525, 527 (N.D. Cal. 1963).

For the foregoing reasons, Saxon has failed to satisfy its burden of establishing that diversity jurisdiction exists. Accordingly, this action is **REMANDED** to San Bernardino County Superior Court for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c).

IT IS SO ORDERED.